WILSON (BASTABLE v.). See Case No. 1,097.

---

## Case No. 17,790.

### WILSON v. The BELVIDERE.

[1 Pet. Adm. 258.]

District Court, D. Pennsylvania. 1806.

SHIPPING — LOADING OF CARGO — DUTY OF MATE.

[1. It is not the duty of a mate, in loading casks of wine from a lighter, either to work at the fall, or bear off with his own hands the cask from the side, as it is about to come aboard; though both duties are sometimes performed by mates from commendable motives.]

[2. Lightermen, to whom is committed the charge of transporting goods from the shore, and slinging them in the lighter, for hoisting aboard, are responsible for any defect or negligence in the manner of slinging.]

[Cited in Spurr v. Pearson, Case No. 13,268.]

[3. Mates, being appointed by the master, though approved by the owners, are the master's deputies, and the master must share the responsibility when casualties occur; so, also, must the seamen, unless the goods are lost by defective tackle, etc.]

[4. Where a cask of wine was lost while being hoisted aboard by the mate and crew, held that the master, mate, and crew must share the loss with all the rest of the ship's equipage, in proportion to their monthly wages; and the fact that the master had paid off the seamen did not in any wise affect the contribution of the mate.]

At a foreign port of delivery and re-loading, where mariners are bound to deliver and re-load; a cask of wine having been brought along side, and slung, in a lighter, by men not of the crew, was hoisted on board by part of the crew, and the mate, who occasionally assisted at the tackle fall, when the labour was hard. On its arrival at the point of passage over the waist of the ship, which was high, the cask suddenly turned athwart-ships, slipped out of the slings, was stoven, and the wine lost. The wages due the seamen were paid to them without deduction, and the value of the wine was charged solely against the mate. It was alleged that it was the mate's peculiar duty to bear off the cask from the side, while hoisting; which had he performed, the accident would not have happened. Several casks, slung in the same way, had been hoisted in, and no casualty occurred. Many masters of ships were examined. It was the general opinion, as to the duty of the mate, that the bearing the cask off the side was not particularly incumbent on him, though it was often done by a mate, where the hands at the fall were no more than competent to that service. He might order a hand to this duty; but where skids, or other fixtures, for the purpose, were provided, it was not always necessary; and much depended on slinging the cask,—the business of the lightermen.

BY THE COURT. When quarrels and personal dissensions arise between masters and mates, I have often had occasion to make enquiries into the appropriate and respective duty of both. I have generally found great difficulty in ascertaining nice points of alleged duties, (many of them made on the spur) on which my decision must depend. In the present case, proof of two things is required: (1) That the mate was bound to bear off the cask in question. (2) That if it had been so borne off, it was so well slung, that no accident would have occurred. It appears to me that the mate was not obliged, manually either to work at the fall, or bear off the cask from the side; though both are sometimes done by mates, from motives very commendable.

The second requisite, to wit, the slinging the cask, is not in proof, and would in its consequences be merely conjectural. If it was ill slung, the lightermen were solely responsible for the whole loss. Several casks slung in like manner, and none of them borne off the side, had arrived safe into the hold. It therefore depends upon the general principle, and this case is only of consequence, as that applies. If the mate has been guilty of gross negligence, in any point peculiarly his duty, he alone is responsible. And so it is with the master or any officer, or seaman. It does not appear, in this case, that the mate was grossly negligent. On the contrary, he had reason to presume, while engaged at the tackle fall, that this cask was well slung, and would arrive at its berth as others had done. Lightermen to whom is committed the charge of transporting goods from the shore, and slinging them in the lighter, are responsible for this

part of the business. So if stevedores are employed, they are responsible for the stowage of a ship. The mate must attend to the taking in, and delivery of the cargo. He must take an account of it, according to established custom. He must exercise a general superintendence under the master, over the whole business; and if any special directions are given, he must obey them: where none are given, he must use common care and discretion, according to the best of his judgment; but he is not solely answerable for casualties. Masters often attempt to fix the sole responsibility on mates, to screen themselves, who, of all others, should constantly exercise the most care, and marked attention. If their engagements, in other duties, or their avocations, throw on the mates the executive duties, they being, (though approved by the owners) selected by the masters, and their deputies, the masters must share responsibilities when casualties occur. So must the seamen generally;—I say generally, because if goods are lost by bad ropes, or other defects of tackle, or furniture, against which they remonstrate, they are acquitted. The law emancipates the watchful, when they warn against impending misfortune,—but it mulcts in contribution the negligent and incautious. The mate in the case before me, must bear his contribution, with all the rest of the ship's equipage, the master included, in proportion to their monthly wages. If the master has improvidently, or with design, paid off the seamen, it has no operation to affect the mate. His contribution is not more or less, on that score. It is a business resting entirely between the master, and those with whom he has thought proper to accommodate. This is often used as a means to introduce the seamen as witnesses, for purposes required by the party who deems their testimony necessary.

Wages decreed, deducting a contribution.